UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMEL DALLUGE,<br><br>                  Plaintiff,<br><br>    v.<br><br>GRANT COUNTY SHERIFFS OFFICE,<br><br>                  Defendants. | NO: 2:14-CV-0221-TOR<br><br>ORDER OF DISMISSAL WITHOUT PREJUDICE |

Plaintiff Amel Dalluge, proceeding *in forma pauperis*, filed a Complaint in this Court on July 9, 2014 (ECF No. 1). Defendant has not been served. Plaintiff alleges that the Defendant has required him to continue registering as a sex offender after the expiration of the statutory time limit set out in RCW 9A.44.140 without due explanation for the continued registration requirement. Plaintiff further alleges that the supervisory powers granted to the Defendant under the Washington State statute are constitutionally overbroad and violate his Due Process rights. The Court must determine whether it has jurisdiction over

ORDER OF DISMISSAL WITHOUT PREJUDICE — 1

Plaintiff's claims and must also conduct the required screening of the Complaint under 28 U.S.C. § 1915(e)(2).[1]

**A. Jurisdiction**

This Court's subject matter jurisdiction is established (1) when there is diversity of citizenship under 28 U.S.C. § 1332; or (2) where a claim arises under federal law. 28 U.S.C. § 1441(c). Under federal question jurisdiction, federal district courts have original jurisdiction over all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's claims essentially boil down to (1) a challenge to how the sex offender registration statute has been applied in his case and (2) a general challenge to the constitutionality of the police powers granted to Defendant under the statute.

---

[1] "It is the duty of the District Court to examine any application for leave to proceed *in forma pauperis* to determine whether the proposed proceeding has merit[.]" *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). Thus, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall dismiss* the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

ORDER OF DISMISSAL WITHOUT PREJUDICE — 2

This court lacks jurisdiction to review the manner in which a Washington State statute has been applied in Plaintiff's case. *See, e.g.*, *Sires v. State of Wash.*, 314 F.2d 883, 884 (9th Cir. 1963) (concluding the district court may not entertain a claimed violation of a Washington State statute). The proper course for Plaintiff to challenge the application of this statute is to file a petition in a Washington State Superior Court for relief under RCW 9A.44.142. *See also State v. Ward,* 123 Wash. 2d 488, 509–10 (1994) ("In all cases, including persons convicted of a class A felony, adult sexual offenders may petition to the superior court to be relieved of the duty to register, and may be relieved of the duty to register if he or she shows, with clear and convincing evidence, that future registration will not serve the purposes of the statute.").

**B. Screening under 28 U.S.C. § 1915(e)(2)**

Assuming, *arguendo*, that Plaintiff has established federal question jurisdiction over his Constitutional claim, the Court must still screen that claim under 28 U.S.C. § 1915(e)(2) to determine if the claim is one upon which relief may be granted. Under the well-pleaded complaint rule, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

ORDER OF DISMISSAL WITHOUT PREJUDICE — 3

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled.  The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

To establish a violation of his Due Process rights, Plaintiff must show (1) that he has been deprived of a "life, liberty, or property" and (2) he was so deprived without due process.  U.S. CONST. ameds. V, XIV.  "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (internal citations and quotation marks omitted).  Once a liberty interest is established, courts must consider whether the process provided was appropriate under the particular demands of the situation. *Id.* at 224.  This requires balancing the nature of the liberty interest, the risk of erroneous deprivation of that interest, and the government's interest. *Id.* at 224–25 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1975).

ORDER OF DISMISSAL WITHOUT PREJUDICE — 4

Plaintiff contends that the Defendant's statutory authority violates his Due Process rights in the following ways: (1) he should not be compelled to register to attend a school; (2) he should not be compelled to notify Defendant when he travels; (3) he should not be compelled to notify Defendant that he has a cell phone; (4) he should not be compelled to notify Defendant that he has a car; and (5) he should not be compelled to allow Defendant to photograph his car, home, or to possess his phone number. Plaintiff has not pleaded or alleged that any of the areas of which he complains are a recognized liberty interest. Nor has Plaintiff shown that, if a liberty interest exists, it was deprived without due process where an individual has been lawfully convicted of a sex offense and duly processed by the judicial and correctional systems as directed by statute. Further, Plaintiff has not alleged that he has in fact been compelled to comply in any of the ways he cites; mere speculation that he would have to comply with these requirements is not sufficient to show he is entitled to relief.

The only facts alleged in Plaintiff's complaint are that Plaintiff was sentenced as a sex offender in 1997 and as of 2014, Defendants continue to require him to register without informing Plaintiff why registration is still required. Plaintiff's central contention is that he should not have to register at all under the statute, to which the Court advises Plaintiff to pursue his remedy in state court pursuant to RCW 9A.44.142. As for Plaintiff's federal Constitutional claim, he

ORDER OF DISMISSAL WITHOUT PREJUDICE — 5

has alleged no facts upon which he may prove a violation of his Due Process rights.

Unless it is absolutely clear that amendment would be futile, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc).  The Court concludes that an amendment would be futile in this case.

Plaintiff has therefore failed to state a claim upon which relief may be granted and his complaint is dismissed without prejudice.

**C. Revocation of In Forma Pauperis Status**

*Forma pauperis* status requires two findings: (1) a finding of indigency, and (2) a finding that the underlying claim has some merit.  *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1308 (9th Cir. 1981).  Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

ORDER OF DISMISSAL WITHOUT PREJUDICE — 6

1  The Court finds that any appeal of this Order would not be taken in good

2  faith because it would lack any arguable basis in law or fact.  As stated above, the

3  Court does not have jurisdiction to hear Plaintiff's state law claim and Plaintiff has

4  failed to sufficiently plead a federal question claim upon which relief may be

5  granted.  Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis*

6  status.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint is **DISMISSED without prejudice.**

2. Plaintiff's *in forma pauperis* status is **REVOKED**.

The District Court Executive is hereby directed to enter this Order and furnish copies to Plaintiff at his last known address, and **CLOSE** the file.

**DATED October 3, 2014**.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL WITHOUT PREJUDICE — 7